IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TONY ALEXANDER HAMILTON, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| vs. | Case No. 2:14-CV-139 |
| PETE WALTERS et al., | District Judge Ted Stewart |
| Defendants. | |

Plaintiff, Tony Alexander Hamilton, an inmate at Utah State Prison (USP), filed a civil rights complaint against Defendants, all allegedly USP employees and former employees. He applies to proceed *in forma pauperis*. As discussed below, the Court concludes that Hamilton must pay the filing fee in full before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

---

[1] 28 U.S.C.S. § 1915(a) (2014).

[2] *Id.* § 1915 (g).

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

Hamilton has filed two cases and one appeal that have been dismissed as frivolous or failing to state a claim.[4] Section 1915(g) applies here because Hamilton was a prisoner when filing this complaint, and he has filed three or more prior cases or appeals in federal court that have been dismissed as frivolous or failing to state a claim. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed. Hamilton has not (credibly) alleged that he "is in imminent danger of serious physical injury"; therefore, he does not come within the exception to section 1915(g).

## ORDER

Hamilton is ineligible to proceed without prepaying the filing fee here because he has filed three or more cases or appeals in federal court which have been dismissed as frivolous or failing to state a claim, and the complaint does not fall within the three-strikes exception.

---

[3] Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting In re Smith, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[4] See Hamilton v. Ranger Enters., No. 2:03-CV-1073-DAK (D. Utah Feb. 14, 2005), aff'd, No. 05-4050 (10th Cir. Oct. 4, 2005); Hamilton v. Yardley, No. 2:97-CV-371-BSJ (D. Utah July 7, 1997) (granting Defendants' motion for Rule 11 sanctions and stating that Hamilton may not file any similar pro se cases without first obtaining leave of court).

Therefore, Hamilton is **DENIED** permission to further proceed IFP. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

May 20th, 2014.

BY THE COURT:

_____
TED STEWART
United States Chief District Judge